# NO. 12-18-00309-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD RAY DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Donald Ray Davis appeals from his conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. During trial, the jury heard evidence that Appellant approached Juan Arce in the back of the Dollar General Store in Troup, Texas, and asked for money. Arce further testified as follows:

Q. So when he asked you for money, what happened next?
A. I only said -- because I do not speak English, I only told him I didn't have any. And he continued speaking, but I did not know what he was saying. But he continued asking for money. I had $21 in my bag, and I took it out and said, "I only have this." He raised his shirt, and then showed me a gun.
Q. Do you see the man, that showed you the gun, in the courtroom today?
A. Yes.
Q. Can you point to him and tell me what color his shirt is?
A. It's blue with squares.
Q. And can you -- can you point to him, please?
A. With my hand?
Q. Yes.
A. (Complies.)

MR. JIRAL: Your Honor, may the record reflect the witness has identified the defendant?

THE COURT: The record shall so reflect.

Q. (BY MR. JIRAL) And so, Mr. Arce, you don't speak English?

A. No.

Q. And so how did you know that Mr. Davis was asking you for money?

A. What happens is that I do understand a little bit. I just do not know how to speak it.

Q. Okay. So you knew what he was saying?

A. Yes, that he needed money.

Q. And you said that he raised his shirt?

A. Yes.

Q. Can you describe the gun for me?

A. It was a revolver type. I did not -- was able to see it all, because I was only able to see the handle.

Q. So you knew it was a gun, but couldn't see the whole thing?

A. Yes.

Q. And did you take that as a threat?

A. Yes, that's why I gave the money.

Following evidence and argument, the jury found Appellant "guilty" of aggravated robbery. During the sentencing portion of trial, Appellant pleaded "true" to the enhancement allegations. The jury sentenced Appellant to fifty years imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the appeal is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered September 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 11, 2019**

**NO. 12-18-00309-CR**

**DONALD RAY DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0970-18)

_____

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*